Lipscomb, J.
That the indorsement did not of itself amount to a transfer, so as to enable the plaintiff to sue on the note in his own name, is well settled. (Story on Prom. Notes, sec. 125; 4 Johns. R., 227.) If the other payee had, previously to the indorsement made by Bright, his co-payee, relinquished his interest to him, so that the whole interest was in him when ,he indorsed the note to the plaintiff, this fact not appearing on the note the plaintiff should have alleged it in ills petition. In the absence of such allegation it could not be received in evidence, because snob evidence did not conform to the allegations contained in the petition.
We have repeatedly declared that one of the most essential and peculiar advantages of our system of practice consisted in the rule that the allegata and probata must agree, without regard to inferences and presumptions tolerated under the common-law pleading. We would hold a relaxation or departure *158 from this rule as a most dangerous encroachment on our system, and if permitted to go unreversed would become a precedent for further encroachments, and might terminate in the gradual introduction of much of the fiction of the common-law declaration and pleading that was obviously intended to be repudiated and avoided by the organization of our system of jurisprudence.
The court erred'in admitting the evidence objected to, and for this error the judgment must be reversed and the cause remanded.
Judgment reversed.