## LAWRENCE vs. WILLOUGHBY.

In pleading a Judgment Record, a variance between the declaration and the Record as set forth therein, in the amount declared on, or names of parties, will be fatal.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

This was an action of debt, founded on a Judgment obtained in a court in Illinois. The cause was tried by consent of parties by the Court without a jury. A Judgment was rendered for the plaintiff.

PIERSE & MURRAY, Attorneys for the Plaintiff.

AMES & NELSON, for the Defendant.

COOPER, J. This is an action of debt, founded on a judgment for $400, damages and costs of suit; obtained by W. B. Lawrence, the defendant in error here, in the County Court of Jo Davis County, in the State of Illinois, against Amherst Willoughby the plaintiff in error, and one N. W. Finn.

The errors complained of, and assigned for correction in this Court, are:

*First.* That there is a variance between the declaration and the transcript of the judgment declared upon, in stating the amount of said judgment and costs.

*Second.* There is a variance between the declaration and the transcript of the Judgment Record, declared on in stating the parties to said judgment.

The judgment obtained in the Court of Illinois, was for $400 damages and the costs of suit. The declaration was, that it was for $400 damages and costs of suit, which costs amount to $150. The Record shows this averment to be incorrect, and the variance is fatal.

Again, the declaration alleged that the judgment was obtained against Amherst Willoughby and one Finn. This variance is also fatal.

In averring matters of record, great particularity should always be observed. Any misstatement in the description of a record in pleading is, as a general rule, fatal to such pleading. The reason of this is too obvious to admit of a doubt of its propriety. Did a different rule obtain, the evils growing out of it would be incalculable, and the objects of pleading defeated entirely. The defendant is entitled to notice of the cause of action upon which he is sued. To afford him such notice, and properly apprise him of the matters against which he is called upon to defend, is one of the main objects of pleading.

The averments, therefore, in a declaration, and the proof of the matters averred, must be identical. The allegations and proof must correspond. Here it cannot be pretended that such was the case. The judgment declared upon, and the transcript offered in evidence, and received to sustain the allegations in the declaration, were different both in the amount of the judgment and the parties to it. A more palpable case could not be supposed, neither amount nor parties being the same ; who could say it was the identical judgment declared upon ? It might just as well have named any other party, and the variance would not be greater. The declaration and proof, therefore, not corresponding, it was bad, and being so, the judgment must be reversed with costs.