WILLIAM M. BROWN AND OTHERS v. W. R. W. MARTIN.

Where the note sued on was alleged to be for three hundred and fifty-six dollars, and a copy was included in the petition, in which the amount in figures at the commencement, was $355, but the amount stated in the body was three hundred and fifty-six; and the defendants pleaded in one plea, that they were not jointly or severally indebted to the plaintiff as charged in the petition, and in another plea, that the note sued on was executed by the defendants, but that the consideration had failed, &c.; the note was offered in evidence, and corresponded in all respects with the copy in the petition, except that the word "six" had been clumsily altered into the word five ; objection having been made on the ground of variance, and overruled, it was held that the objection should have been sustained ; and the judgment was reversed.

Error from Smith. Tried below before the Hon. John H. Reagan.

The petition, after alleging the note to be for three hundred and fifty-six dollars, contained a further allegation that the note was in substance as follows, and then followed a copy of the note, with the figures $355, and the amount in words three hundred and fifty-six. The answer of defendants contained a plea " that the promissory note set out in said petition, was executed and signed by the said William M. Brown,

as principal, and E. E. Lott, T. D. Wilson and J. M. Dale as sureties, the consideration of which was," &c. The plea was failure of consideration ; and further a payment of $50, which was claimed in reconvention. These, and the plea mentioned in the Opinion, were the only pleas filed.

The other facts are stated in the Opinion.

*S. M. Warner,* for plaintiffs in error, cited 2 Greenl. Ev. 17, 157 ; Phillips on Ev. C. & H. Notes, 668, 683 ; Black. R. 313 ; 12 Tex. R. 549 ; Smith v. Brush, 8 Johns. R. 85.

*Goodman,* for defendant in error. There is no error in the admission of the note in evidence. It is sufficiently described in the petition, and may be read as stated without doing any great violence to the reading contended for by the plaintiffs in error. The defendants admitted by their pleadings, the note described in the pleadings, after which admission there was no necessity of reading the note. Thirdly, because the variance, if any, is not material, it worked no injury to the plaintiffs in error, did not take them by surprise, or make them liable for any more than they had admitted to be due. (3 Tex. R. 210.)

ROBERTS, J. Defendant in error brought suit against plaintiffs in error on a note for the sum of three hundred and fifty-six dollars. Plaintiffs in error answered, among other things, " that they are not jointly or severally indebted to the said plaintiff as charged in said plaintiff's petition in this cause." Upon the trial the plaintiff below read in evidence a note ; to which defendants below objected, because the note was different from that sued on in amount, it being, as contended, for three hundred and fifty-five dollars ; which objection being overruled, the ruling was excepted to.

A verdict having been rendered for plaintiff below, defendants below moved for a new trial, because the verdict was contrary to the law and evidence ; which being overruled,

defendants below sued out a writ of error and assigned as grounds for reversal, overruling the objections to the note as evidence, and that the verdict was contrary to the evidence. The other assignments it will be unnecessary to notice. Both of these grounds may be considered together, as they point to the same matter. The bill of exceptions embodies a full history of the trial, and refers to the original note, which, by agreement, is brought up as a part of the record.

The amount in figures in the margin of the note is "$355." The amount in the body of the note was first written three hundred and fifty-six and afterwards changed into three hundred and fifty-five. The changed word might well be taken for the word fix, if that would make sense. It is plainly not six, and with a little liberality towards a clumsy correction in writing, it may well be taken for five, so as to correspond with the figures. After a full inspection, there remains very little doubt but that it was designed for the word five ; and so the jury believed, as may be ascertained from the amount of their verdict. There was no testimony explaining the peculiarity of the handwriting, nor was there any averment in the pleading indicating it to be a word of doubtful import and expressing, by inuendo, its true meaning. (See Chitty on Bills, 565.) It could be admitted as evidence to prove the averments of the petition upon no other supposition than that the word was "six."

The rule in actions upon contracts is, that if any part of the contract proved should vary materially from that which is stated in the pleadings, the variance will be fatal. (Mason v. Kleberg & Burleson, 4 Tex. R. 85 ; Hunt v. Wright and wife, 13 Tex. R. 549 ; 1 Starkie's Ev. 446, (*447.) Where only the substance is professed to be given, it is held that "in general a description of an instrument contrary to its legal effect will be fatal." (1 Stark. Ev. 483 (*484 ;) Chitty on Bills, 464.) A variance in the amount of the note or bond sued on will be fatal. (Pillie v. Mollere, 7 Mart. R. 341 ;

Philips' Ev. Part 1, C. & H. notes, page 686 & 691 ; Adams v. Brown, 4 Litt. R. 7 ; Chitty on Bills, 559.)

The question to be determined then is, was the word six, as alleged in the petition ? if not, or if it was not intended for it, or some other word whose legal effect would be the same, it is a variance, and the note should have been excluded as readily as if the amounts had varied one hundred dollars instead of one. The Court admitted it as a note for three hundred and fifty-six dollars, and the jury acted upon it as a note of three hundred and fifty-five dollars, without any explanatory evidence to change the character under which it was admitted. If a difference of one dollar could constitute a variance, it existed in this case. That point was raised in the case of Pillie v. Mollere, above referred to from Louisiana, and it was held that a difference of a few cents constituted a fatal variance. We think the Court erred in admitting the note, and the judgment is reversed and cause is remanded.

Reversed and remanded.