PHILIP REITZ ET AL.

v.

THE BOARD OF TRUSTEES, etc.

SUIT ON BOND—VARIANCE.—A declaration upon a bond alleging its execution by the principal and sureties, is not supported by proof of one executed by the sureties alone.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 14, 1879.

Messrs. HILL & DIBBELL, for appellants; contending that the signature of the principal was essential to make the bond binding upon him, cited People v. Hartley, 21 Cal. 585; Sacramento v. Dunlap, 14 Cal. 421; Hall v. Parker, 37 Mich. 590; Curtis v. Moss, 2 Rob. (La.) 267; Bean v. Parker, 17 Mass. 603; Wood v. Washburn, 2 Pick. 24; Bouv. Law Dic. Title "Deed;" Wharton's Law Lexicon title "Deed;" 4 Kent's Com. 450; Rev. Stat. 1874, 966.

Without the signature of the principal the bond is incomplete and the sureties are not bound, the liability of sureties is to be strictly construed: Covington v. Smith, 78 Ill. 250; Cooper v. The People, 85 Ill. 417; Miller v. Stuart, 9 Wheat. 702; Martin v. Thomas, 24 How. 315; Trustees v. Otis, 85 Ill. 179; Church v. Noble, 24 Ill. 292; Chilton v. The People, 66 Ill. 501; Roberts v. Parlin, 81 Ill. 230; Polak v. Everett, 3 Cent. Law Jour. 307; Organ v. Allison, 9 Chicago Legal News, 250; Wood v. Steele, 6 Wall. 80; Pothier on Obligations, Chap. 6, § 1; Curtis v. Moss, 2 Rob. (La.) 367; Ferry v. Burchard, 21 Conn. 602; Martin v. Thomas, 24 How. 315; Bean v. Parker,

17 Mass. 603; Wood v. Washburn, 2 Pick. 24; Russell v. Anable, 109 Mass. 72.

Where the defect in the execution of the bond appears upon the face of the instrument, or where the obligee is chargeable with notice of such defect, the bond is void:   Villere v. Brognier, 3. Mart. (La.) 349; Wells v. Dill, 1 Mart. N. S. 592; Dair v. U. S. 16 Wall. 5; Butler v. U. S. 21 Wall. 275; Fletcher v. Leight, 4 Bush, 303; Sharp v. U. S. 4 Watts, 21; Marpel v. Franz, 76 Pa. St. 88; State Bank v. Evans, 15 N. J. 155; Wood v. Chum, 18 Gratt. 801; Fletcher v. Baxter, 11 Vt. 447; Passumpsic Bank v. Goss, 31 Vt. 315; Deardorff v. Foreman, 24 Ind. 481; Webb v. Baird, 27 Ind. 368; Wild Cat Branch v. Ball, 45 Ind. 213; Hall v. Parker, 37 Mich. 590.

The liability of the sureties, if any exists, is only for money actually in the hands of their principal at the time the bond was executed, and for such as was received by him thereafter: Vivian v. Otis, 24 Wis. 518; Bouvee v. U. S. 17 How. 437; U. S. v. Earhart, 9 Chicago Legal News, 304; Kagay et al. v. Trustees, 68 Ill. 75; Farrar v. U. S. 5 Pet. 373; U. S. v. Boyd, 15 Pet. 187; U. S. v. Lynn, 1 How. 104.

The books kept by appellant as treasurer, are *prima facie* evidence of the correctness of his accounts:   1 Phil. Ev. 333; Waldon v. Sherburne, 15 Johns. 409; Jones v. Jones, 4 Hen. & M. 447; Morris v. Hurst, 1 Wash. C. C. R. 443; Randall v. Blackburne, 50 Taunt. 245.

In actions on penal bonds, the condition should be set out and specific breaches assigned:   People v. McHatton, 2 Gilm. 731; County of Greene v. Bledsoe, 12 Ill. 267; Hibbard v. McKindley, 28 Ill. 240.

Interest cannot be recovered in an action upon such bond: City of Pekin v. Reynolds, 31 Ill. 530; Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148; State v. Blakemore, 7 Hiesk. 638; Chicago v. Adcock, 10 Chicago Legal News, 147.

Interest where not agreed to be paid, is recoverable only when there has been vexatious delay in making payment:   Sammis v. Clark, 13 Ill. 544; Hitt v. Allen, 13 Ill. 592; Aldrich v. Dunham, 16 Ill. 403; Davis v. Kenaga, 51 Ill. 170.

The judgment was erroneous in directing satisfaction of the

bond upon payment of damages and costs: People v. Compher, 14 Ill. 447; Frazier v. Laughlin, 1 Gilm. 185; Odell v. Hole, 25 Ill. 204.

Mr. G. D. A. PARKS, for appellee; that the statute only requires the bond to be executed by the treasurer, and the form is immaterial, cited Magner v. Knowles, 67 Ill. 325.

If insufficient under the statute it would be good as a voluntary bond: Pritchett v. The People, 1 Gilm. 525; Young v. Mason, 3 Gilm. 55; Fournier v. Faggott, 3 Scam. 347; Smith v. Whitaker, 11 Ill. 417; Richardson v. The People, 85 Ill. 498.

It is immaterial in what part of the instrument the name appears, if it appears somewhere, and was intended as a complete execution: McConnell v. Brillhart, 17 Ill. 354; Wise v. Ray, 3 Iowa, 430; Classon v. Bailey, 14 Johns. 486; Lobb v. Stanley, 48 E. C. L. 581; Anderson v. Harold, 10 Ohio, 399; Davis v. Shields, 24 Wend. 323; Saunderson v. Jackson, 2 Bos. & Pul. 238; Johnson v. Dodgson, 2 M. & W. 653; Browne on Statute of Frauds, § 357; 2 Parsons on Contracts, *288; 7 Bac. Abr. 242; 4 Cruise's Dig. 100.

The signing need not be in juxtaposition to the seal: Davis v. Burton, 3 Scam. 41; 4 Cruise's Dig. 9; Argenbright v. Campbell, 3 Hen. & M. 144.

In doubtful cases a covenant should be construed most beneficial to the covenantee: Marvin v. Stone, 2 Cow. 781; McCarty v. Howell, 24 Ill. 341; City of Alton v. Transportation Co. 12 Ill. 38; Massie v. Belford, 68 Ill. 290; Broom's Maxims, 540.

The defect, if any, in execution of the bond must be known to the obligees, or the sureties will be bound: Smith v. Peoria Co. 59 Ill. 412; Ladd v. Board of Trustees, 80 Ill. 233; Ins. Co. v. Brooks, 3 Am. Law Reg. 400; State v. Potter, 3 Am. Law Reg. 176.

The sureties are liable for moneys in the hands of their principal, though received during preceding terms of office: Pinkstaff v. People, 59 Ill. 148; Kagay v. School Trustees, 68 Ill. 75; Morley v. Town of Metamora, 78 Ill. 394; U. S. v. Earhart, 9 Chicago Legal News, 304; Wilson v. School Directors, 2 Am. Law Reg. 123.

They may show, if they can, that the moneys were lost or

Reitz et al. v. Trustees.

squandered before their liability commenced:    Vivian v. Otis, 24 Wis. 518.

In case of failure to produce, on demand, the notes and moneys shown to have been received by him, the amount of the same would be the measure of damages:    Sedgwick on Measure of Damages, 488.

The board of trustees had no power to allow commissions to the treasurer: Brandt on Suretyship, § 476; Decatur v. Vermillion, 77 Ill. 317; Dillon on Municipal Corporations, § 173.

It is the duty of an officer to pay over to his successor the balance remaining in his hands after demand, and failing to do so, interest on the same may be recovered: Magner v. Knowles, 67 Ill. 325; People v. Gasherie, 9 J. R. 71; Slingerland v. Swart, 13 J. R. 256; Greenly v. Hopkins, 10 Wend. 97; Sedgwick on Measure of Damages, 378.

PILLSBURY, P. J.    The appellees brought an action of debt against the appellants upon the bond of Reitz as school treasurer, and the other appellants as his sureties. .

The declaration counts upon a bond executed by the principal, Reitz, as well as by his sureties; to which Reitz filed the plea of *non est factum*, verified by his affidavit.

The bond introduced in evidence does not, on its face, purport to be executed by Reitz, and he objected to its introduction in evidence upon that ground; but the court overruled the objection and admitted the bond.

We are of the opinion that in this respect the court erred. A declaration upon a bond alleging its execution by the principal and sureties, is not supported by proof of one executed by the sureties alone.    Bean v. Parker, 17 Mass. 603.

Counsel have argued the question whether sureties are liable in any event upon such bond, but as the case must be tried again we refrain from expressing any opinion upon that point at this time.

For the error indicated the judgment of the court below must be reversed and the cause remanded, with leave to the appellees to amend their declaration if they shall be so advised, when the liability of the sureties can be properly determined.

Reversed and remanded.