HESS et al. v. SCHAFFNER.

(Court of Civil Appeals of Texas. Galveston. June 29, 1911.)

1. ALTERATION OF INSTRUMENTS (§ 10*) — NOTES—NAME—ERASURE—EFFECT.

Where the name of one of several signers of a note was erased before delivery by drawing marks through his name, the effect of the erasure was to take such name off the note, to the same extent as if it had never been signed thereto.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 54–56; Dec. Dig. § 10.*]

2. ALTERATION OF INSTRUMENTS (§ 25*) — PLEADING—VARIANCE.

Where the note declared on was signed by five different individuals, while the note introduced in evidence was signed by four of them,

the name of the fifth having been erased before delivery, there was a fatal variance.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. § 227; Dec. Dig. § 25.*]

3. ALTERATION OF INSTRUMENTS (§ 25*)—NAME OF SIGNER—ERASURE—PLEADING.

Where the name of one of the signers was erased before the note was delivered, the holder, in declaring thereon, should describe it as the note of the remaining signers, with proper allegations explaining the signing of the erased name and its erasure before delivery, etc.; or, if he undertook to set out the note in haec verba, it should be copied as though it contained the name erased as one of the makers, with the erasure as in the note itself, with proper allegations explanatory thereof.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. § 227; Dec. Dig. § 25.*]

4. BILLS AND NOTES (§ 467*)—RIGHT TO SUE—PLEADING.

Where a note was payable to H. as president of a lodge, or his successor in office, a petition that plaintiff S. was such successor was sufficient to show plaintiff's right to sue.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 467.*]

5. JUDGMENT (§ 263*) — ARREST — GROUNDS — FAILURE TO FILE NOTE.

Plaintiff's omission, through oversight, to file the note sued on with the clerk was not ground for arrest of judgment; the omission having been promptly corrected.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 468–480; Dec. Dig. § 263.*]

6. PRINCIPAL AND SURETY (§ 23*)—AGREEMENT BETWEEN SURETIES—VALIDITY.

No agreement of sureties on a note, among themselves, that, if all of them were not bound, none of them should be, would affect the rights of the payee, unless he had notice of the agreement, and that it had been violated prior to or at the time that he took the note and parted with the consideration.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 45–54; Dec. Dig. § 23.*]

7. PRINCIPAL AND SURETY (§ 101*)—NAME OF COSURETY—ERASURE—PRESUMPTIONS.

Where a note, when presented to the payee, had on it the names of five signers, four of whom were sureties for the principal maker, but the name of one of such sureties had been erased, the payee, in the absence of knowledge or notice to the contrary, was entitled to presume that such erasure had been made with the consent of the other sureties; the mere fact of such erasure being insufficient to put the payee on notice that it had been made without the consent of the other sureties, and released them from liability.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 169–180; Dec. Dig. § 101.*]

8. PRINCIPAL AND SURETY (§ 116*)—COSURETY—ERASURE OF NAME—EFFECT.

Where the payee of a note signed by four persons as sureties, before taking the note and parting with the consideration, had notice that the name of D., one of the sureties, had been erased without the consent of V., who had previously signed, and that he was not to be bound, unless D. was, V. would be released; and if the subsequent signers signed after the name of D. had been erased such erasure would not of itself affect their liability, but if it was effective to release V., and it was agreed that such subsequent signers should only be bound on condition that V. remained, and the payee had notice of the fact at or before it took the note and parted with the consideration, then such release of V. would also release such subsequent signers.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 269–282; Dec. Dig. § 116.*]

Appeal from Austin County Court; C. G. Krueger, Judge.

Action by F. C. Schaffner against Henry Hess and others. Judgment for plaintiff, except as to defendant Damek, and the other defendants appeal. Reversed and remanded.

W. I. Hill and Johnson, Matthaei & Thompson, for appellants. R. L. Watkins and W. A. Wurzbach, for appellee.

REESE, J. This suit was instituted in the county court of Austin county by F. C. Schaffner, president of Lessing Lodge No. 12, O. D. H. S., against Henry Hess, W. F. Viereck, John Damek, Theo. Koy, and John Roesler, to recover the amount due upon a certain promissory note for $500 principal, with interest and attorney's fees. Upon trial with a jury, plaintiff had judgment against all of the defendants, except John Damek, from which the other defendants appeal.

The petition alleges that F. C. Schaffner the plaintiff, is the duly elected, qualified, and acting president of Lessing Lodge No. 12, of the Order of Sons of Herman, in the state of Texas, and that he sues for and in behalf of the said lodge. The cause of action is thus stated: "And for cause of action plaintiff represents to the court that heretofore, to wit, on the 26th day of December, A. D. 1907, the defendants made, executed, and delivered to the said Lessing Lodge their note, in words and figures substantially as follows: ' $500.00. Sealy, Texas, Dec. 26, 1907. One year after date, I, we, or either of us, promise to pay to the order of Chas. Himly, president of the Lessing Lodge No. 12, O. D. H. S., or his successor in office, for account of Lessing Lodge No. 12, O. D. H. S., under the jurisdiction of the Grand Lodge of the Order of the Sons of Herman in the state of Texas, the sum of five hundred and no/100 dollars, for value received, with interest at the rate of 6% per annum, from date until paid, with an additional fee of 10% if placed in the hands of an attorney for collection. Due Dec. 26, 1908. [Signed] Hy. Hess. W. F. Viereck. John Damek. Theo. Koy. John Roesler.' "

Hess pleaded general demurrer, general denial, and further set up his discharge in bankruptcy, which, however, he failed to prove. Viereck, Koy, and Roesler filed jointly a plea under oath denying the execution by them of the note sued on, and specially setting up that the name of John Damek, one of the sureties on the note, had been

erased without their knowledge or consent; that the consideration for the execution by each of them of the note (all of them being sureties for Hess) was that they should all be equally bound, and that the erasure of the name of Damek as one of the sureties, made without their consent, released them from all liability on the note; that the name of Damek was erased before the note was delivered to the payee; and that the payee had notice of the facts above alleged. They further denied generally the allegations of the petition.

[1] Upon the trial appellee offered in evidence a promissory note exactly in the terms of that set out in the petition, except that the name of John Damek, one of the signers, was carefully erased by three distinct parallel lines drawn in ink through the name thus: ~~"John Damek."~~ To the introduction of this note, appellants objected, on the ground of variance from the note sued on and described in the petition, which objection was overruled, and the note admitted in evidence, to which appellants took a bill of exceptions, and complain of the ruling by their third assignment of error. No reference is made in the petition to this erasure. The name of John Damek appears as one of the signers of the note, in the instrument set out in full in the petition, without erasure. The petition set out the execution of a promissory note by all of the defendants. Damek pleaded non est factum, and there was no attempt to deny by the evidence the truth of his plea; it being shown by the undisputed evidence that his name was erased before delivery of the note to the lodge, and that in fact no liability was claimed against him. The court peremptorily instructed a verdict in his favor. The lodge in fact accepted the note as that of Hess and the other three sureties alone. This is not really material in passing upon the objection to the introduction of the note, but is stated by way of explanation and to rebut any possible inference that the erasure was made by mistake, and that it was intended nevertheless that Damek should still be bound. If such had been the case, it would have been necessary, as basis for proof thereof, that such facts should have been specifically pleaded. The effect, then, of the erasure was to take Damek's name off of the note. It stood thereafter just as if his name had never been signed to it. Messick v. Ward, 1 Grant's Cas. (Pa.) 437; Bouvier's Dict., title, Erasure.

[2] The note introduced in evidence was in fact a note signed by Hess, Viereck, Koy, and Roesler. The note declared upon was a note signed by these parties and John Damek. The variance was fatal. 1 Greenleaf's Ev. 58; Roseborough v. Gorman, 6 Tex. 313; Brown v. Marton, 19 Tex. 343; Shipman v. Fulcrod, 42 Tex. 248; McDonald v. Walker, 95 Ala. 172, 10 South. 225; Phillips v. Singer Mfg. Co., 88 Ill. 305; Reitz v. Board of Trustees, 3 Ill. App. 448; Fort Wayne v. Jackson, 7 Blackf. (Ind.) 36; Lawrence v. Willoughby, 1 Minn. 87 (Gil. 65).

[3] Appellee should, in declaring upon the note, have declared upon it as the note of Hess, Viereck, Koy, and Roesler, with proper allegations explaining the signing of the name of John Damek, and the subsequent erasure of his name before delivery of the note. If he undertook to set it out in haec verba, the note so copied in the petition should contain the name of John Damek as one of the makers, with the erasure, as in the note itself, and with proper allegations explanatory of the erasure. This would be the safer course, though we are not prepared to say that it would not be proper to declare on the note as though the name of John Damek had never been signed to it.

[4] We will pass briefly upon the remaining assignments of error. It is urged by the first assignment that the court erred in overruling the demurrer to plaintiff's petition. We cannot find that any such demurrer was interposed by the pleadings of appellants, or acted upon by the court. There is a general demurrer in the answer of Hess, and also in the original answer of Viereck, Koy, and Roesler, which was superseded by their amended answer, which contains no demurrer or exception, and none was acted upon by the court. However, the objections urged to the petition by the assignment are not sound. The note is payable to Himly, president of the lodge, or his successor in office, and the petition alleges that plaintiff Schaffner is such successor. This is sufficient.

[5] There is no merit in the grounds urged in arrest of judgment. It merely appears that at this time appellee had, by oversight, it is presumed, omitted to file the note with the clerk. As the note is copied in the statement of facts, this omission must have been corrected, and appellants are not prejudiced by the omission.

Other assignments complain of the charge of the court, and we will not discuss the several objections urged, which, in the main, are not sound. The charge contains several inaccuracies which will not occur on another trial. It is sufficient for the purposes of another trial that we indicate briefly the principles of law which we conceive control the disposition of the questions involved.

[6] No agreement of the sureties among themselves, to the effect that if all of them were not bound none of them should be, would be binding upon or affect the rights of the payee of the note, unless he had knowledge or notice prior to or at the time he took the note and parted with the consideration of such agreement, and that it had been violated. 32 Cyc. 44, 45; Joyce v. Cockrell, 92 Fed. 838, 35 C. C. A. 38; Tabor v. Merchants' Nat. Bank, 48 Ark. 454, 3 S. W. 805, 3 Am. St. Rep. 241; Seaton v. McReynolds, 72 S. W. 874; Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 748; Bannister v.

Wallace, 14 Tex. Civ. App. 452, 37 S. W. 250.

[7] Appellee, when the note was presented by Hess with the names of all the appellants signed to it, but with the name Damek, which had been signed, erased, in the absence of knowledge or notice to the contrary, had the right to assume that such erasure had been made with the consent of the others. The mere fact of such erasure did not put appellee upon notice that such erasure had been made without consent of the other sureties, and released them from liability. Having signed the note and intrusted it to Hess, upon them, and not upon appellee, must fall the consequences of any violation of duty by Hess to appellants. 32 Cyc. 46; Smith v. Peoria Co., 59 Ill. 412; Bank v. Boddicker, 105 Iowa, 548, 75 N. W. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310; Tidball v. Holley, 48 Cal. 610; Comstock v. Gage, 91 Ill. 328.

[8] If appellee had notice, before taking the note and parting with the consideration, that Damek's name had been erased without the consent of Viereck, and that he was not to be bound, unless Damek was, he would be released. If Koy and Roesler signed after the name of Damek had been erased, such erasure would not of itself affect their liability; but if the effect of such erasure under the principles above stated was to release Viereck, and it was agreed that Koy and Roesler would only be bound at all on condition that Viereck remained, and appellee had notice of this fact, at or before it took the paper and parted with the consideration, then such release of Viereck also operated to release Koy and Roesler. This last principle of law seems not to have been recognized by the court's charge, which is otherwise correct in its general application of the principles of law to the facts of the case, though in some particulars inaccurate.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.