## SUPERIOR FIRE INS. CO. et al. v. C. S. LEE GRAIN & ELEVATOR CO.
### (No. 1581.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1924.)

**1. Insurance ⊜645(5) — Variance between pleading and proof of policy held fatal.**

A policy of insurance to "H. O. W—— (C. S. L—— Grain & Elevator Company)," adduced in evidence, *held* a fatal variance with a pleading of a policy in favor of "C. S. L—— Grain & Elevator Company, a copartnership composed of H. O. W—— and C. S. L——."

**2. Judgment ⊜250—Judgment must conform to pleadings, and recovery be upon cause of action alleged.**

Judgment must conform to the issues raised by the pleadings; a party being entitled to recover, if at all, only on the cause of action alleged.

**3. Judgment ⊜248—Pleading of policy issued to partnership held insufficient to support judgment for individual partner.**

Pleading of the issuance of the policy sued upon to plaintiff "C. S. L—— Grain & Elevator Company, a partnership composed of C. S. L—— and H. O. W——," *held* insufficient to sustain a judgment on the policy in favor of W—— individually.

**4. Insurance ⊜115(4)—Lessee may have insurable interest.**

Under certain circumstances a lessee has insurable interest.

**5. Insurance ⊜83(2)—Cross-action by insurance company against agent for failure to cancel policy held sufficient to support recovery.**

A cross-complaint by an insurance company seeking recovery over against its codefendant agent, in case of recovery by plaintiffs for failure to cancel policy as directed, *held* to sufficiently state cause of action.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the C. S. Lee Grain & Elevator Company, a partnership composed of C. S. Lee and H. O. Wooten, against the Superior Fire Insurance Company and T. R. Rhodes & Son. From judgment for H. O. Wooten against the Superior Fire Insurance Company and for the Superior Fire Insurance Company against its codefendant T. R. Rhodes & Son, both defendants appeal. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, and John Sehorn, and Edwin Sehorn, both of San Antonio, for appellants.

Ben L. Cox and Thos. E. Hayden, Jr., both of Abilene, for appellee.

HIGGINS, J. In view of the question presented by the appeal of the Superior Fire Insurance Company, the petition of the appellees, upon which the trial was had, will be stated with more than usual particularity. It is as follows:

"Now comes your petitioner, C. S. Lee Grain & Elevator Company, hereinafter styled plaintiff, and, with leave of the court, first had and obtained, files this its first amended original petition herein, in lieu of its original petition heretofore filed, and, amending, pleads as follows, and represents:

"First. That plaintiff is a firm composed of C. S. Lee and H. O. Wooten; that defendant Superior Fire Insurance Company of Pittsburg, Pa., is a private corporation engaged in the insurance business, and that it has a local agent in Taylor county, Tex., to wit, T. R. Rhodes & Son, a firm composed of T. R. Rhodes and F. E. Rhodes; and that defendants T. R Rhodes and F. E. Rhodes reside in Taylor county, Tex.; and that all of said defendants are in court by their answers duly filed.

"Second. For cause of action plaintiff represents that heretofore, to wit, on or about the 1st day of March, 1922, defendant insurance company, through its local agents, T. R. Rhodes & Son, executed and delivered to plaintiff its certain policy of insurance of said date in the sum of $1,500, the premium on which was paid by plaintiff to said local agents at the time of the delivery of said policy, said premium amounting to approximately $23,25, and which was paid by plaintiff and accepted by said T. R. Rhodes & Son, in their capacity as local agents of defendant insurance company. Plaintiff alleges that said insurance policy was delivered to plaintiff and went into force and effect as alleged above, and at the date of the issuance of said policy and ever since said date plaintiff H. O. Wooten owned the title to the property covered by said policy, but plaintiff C. S. Lee was in possession and control thereof, all of which was known to defendants."

In substance it was further alleged that said policy indemnified plaintiff against loss by fire on a certain building, describing the same, to the extent of $1,500 for one year from its date, and the building was destroyed by fire on April 26, 1922; that $1,500 is due plaintiff on said policy by virtue of the premises; that defendants through fraud procured possession of the policy; and that same had never been canceled. The petition then at length sets up the matter of fraud under which the policy had been obtained from its possession, but, that, if the same had been canceled, through the fraud and deception of Rhodes & Son plaintiff had been prevented from procuring other insurance, and left unprotected to the extent of $1,500, "and that, if the court should hold that said policy is not a valid claim against defendant insurance company, then plaintiff alleges that the defendants, T. R. Rhodes & Son, are due plaintiff the sum of $1,500 as damages. Wherefore, premises considered, plaintiff prays that upon final trial hereof it have judgment against defendants and each of them for the sum of $1,500 together with interest thereon at the rate of 6 per annum from and after the 26th day of April, A. D. 1922, and for costs of suit and general and special relief in law and in equity and in duty bound will ever pray."

The special answer of the insurance company, in substance, was a denial that the policy had ever been delivered to the plaintiff, but, if it had been delivered, that it had been canceled and notice of cancellation given by the local agents to the plaintiff more than five days prior to the fire, wherefore it was not liable on the policy.

By cross-action against Rhodes & Son the insurance company set up that, if the policy had been delivered to the plaintiffs and not canceled, its general agents had directed Rhodes & Son to cancel the policy on March 4, 1922, and it thereupon became the duty of Rhodes & Son to cancel the policy immediately, and, if they failed to do so, they were liable over for any recovery which plaintiff might obtain against it, and prayed for judgment over against Rhodes & Son. The pleadings of Rhodes & Son need not be stated.

The cause was submitted to a jury upon special issues, and upon the answers returned judgment was rendered that C. S. Lee take nothing against any party to the suit; that H. O. Wooten take nothing against Rhodes & Son; that Wooten have judgment against the Superior Fire Insurance Company for $1,500, with interest; and that said insurance company have judgment over for like amount against the members of the firm of Rhodes & Son. The insurance company and Rhodes & Son appeal. The question presented by the appeal of the insurance company will be first considered.

[1] The first proposition is that the court erred in admitting in evidence the policy of insurance because of a fatal variance, the plaintiff's suit "being brought on behalf of C. S. Lee Grain & Elevator Company, a copartnership composed of H. O Wooten and C. S. Lee, and the policy of insurance running to H. O Wooten, individually." The policy insures "H. O. Wooten (C. S. Lee Grain & Elevator Company)"

The matter in parenthesis was evidently intended as explanatory (29 Cyc. 1682), but, instead of serving such purpose, it produced ambiguity and uncertainty. Unaided by any explanatory evidence, its most likely meaning, in our opinion, is that the policy insured Wooten individually, the parenthetical matter simply identifying him by a trade name. In other words the policy would be construed to read as insuring "H. O. Wooten, doing business as C. S. Lee Grain & Elevator Company."

This evidently was the purpose and meaning as shown by Wooten's testimony as follows:

"I never had the tornado policy. Mr. Lee had it. I never saw the fire insurance policy nor the tornado policy. I had nothing to do with the procuring of the insurance. I knew it was procured in my name, individually. I did not see the policy. It was understood. We had a contract. He was to procure it in my name and pay the premium."

So upon any phase of the matter there was a fatal variance, because the petition declared upon a policy issued to the C. S. Lee Grain & Elevator Company, a partnership alleged to be composed of Wooten and Lee.

[2] The next proposition is that there is no pleading to support the judgment in favor of Wooten individually. It is elementary that a judgment must conform to the issues raised by the pleadings; that the plaintiff must recover, if at all, upon the cause of action alleged, and that whatever the evidence may be it will not support a judgment upon an issue not raised by the pleadings.

The appellee Wooten testified in his own behalf on direct examination:

"I was not a partner with Mr. C. S. Lee in the C. S. Lee Grain & Elevator Company at that time. I have not been a partner with Mr. Lee in the C. S. Lee Grain & Elevator Company since June, 1920. Relative to this petition, reading: 'Now comes your petitioner, C. S. Lee Grain & Elevator Company, hereinafter styled plaintiff, and, with leave of the court first had and obtained, files this its first amended original petition herein, in lieu of its original petition heretofore filed, and, amending, pleads as follows, and represents: First, that plaintiff is a firm composed of C S. Lee and H. O. Wooten'—which petition was filed on the 18th day of October, 1922, I say: There was no firm of that kind. I was not a member of the firm, and had not been a member of the firm since June 1, 1920."

Cross-examination: "Mr. Lee had all of the interest in this business . He was renting the property from me. I owned the property, and Mr. Lee rented it and paid me a certain rent. That is the basis if I understand you. I owned the property. I let Mr. Lee have the buildings, and he paid me a certain rent and ran the business." .

Redirect examination: "It is also alleged in this petition that 'H. O. Wooten owned the title to the property covered by said policy, but plaintiff C. S. Lee was in possession and control thereof.' That allegation is correct."

It was evidently upon this testimony that the judgment was rendered in Wooten's favor.

In Longcope v. Bruce, 44 Tex. 437, it was said:

"In another part of the charge the jury was told that, if they believed from the evidence the property seized belonged to Bruce, or to Bruce and Wynn, then the defendants were liable for what the goods were worth. This charge was also erroneous. .

"The suit. by the pleadings, was a suit by Bruce and Wynn; and, if the proof showed that only one of them had an interest in the property, there could be no recovery, because the proof would not have sustained the case made in the pleadings."

In Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732, it was said:

"It is an elementary rule of pleading that the allegata and probata must correspond, and that a recovery cannot be had on a cause of action not alleged in the pleadings, however well it may be supported by proof."

A judgment in Wooten's favor individually has been rendered upon a petition declaring upon a right of action vested jointly in Wooten and Lee as partners and based upon evidence showing there was no such partnership, no joint right of action vested in Wooten and Lee as such, and without any pleading to show a right of action vested severally in Wooten.

[3] In our opinion the pleading was insufficient to support such a judgment; and, if the evidence is sufficient to support the same, it fatally varies from the right asserted in the petition. In addition to the cases cited see, also, Ry. v. Reed (Tex. Civ. App.) 189 S. W. 997; Roseborough v. Gorman, 6 Tex. 313; Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Gammage v. Alexander, 14 Tex. 418.

Appellee asserts that the pleadings were sufficient by virtue of the allegation in the petition that, "at the date of the issuance of said policy, and ever since said date, plaintiff H. O. Wooten owned the title to the property covered by said policy, but plaintiff C. S. Lee was in possession and control thereof, all of which was known to defendants."

[4] We cannot see that this at all alters the plain nature and import of the petition as declaring upon a policy issued to the alleged partnership vesting in the partners a joint right of action. Evidently the quoted portion was intended to show the insurable interest of Wooten as owner and Lee as tenant. Under certain circumstances a lessee has an insurable interest. 1 Cooley's Briefs on Ins. 173; 2 Joyce on Ins. (2d Ed.), Getchell v. Ins. Co., 109 Me. 274, 83 Atl. 801, 42 L. R. A. (N. S.) 135, and subjoined note, Ann. Cas. 1913E, 738.

For the reasons indicated the judgment in favor of Wooten must be reversed, which carries with it a reversal of the judgment over in favor of the insurance company against the members of the firm of Rhodes & Son. In view of a retrial, the questions presented by the appeal of that firm will be briefly disposed of.

[5] The cross-action is not subject to general demurrer, and is sufficient to support a judgment over. It sufficiently states a cause of action based upon the failure of Rhodes & Son to obey the instructions to cancel the policy, and the evidence is sufficient to support a recovery upon that ground.

The objection as to the sufficiency of the verdict to support the judgment need not arise upon retrial.

Reversed and remanded as to all parties.