15 521
88 394

### R. WELLS, ADM'R v. E. W. MOORE.

Where one of several defendants fails to answer, and the case goes to trial, in which there is a verdict for the defendants, it is error to render judgment in favor of all the defendants, although a judgment by default may not have been taken against the defendant who failed to answer.

Where there is a bill of exceptions which shows that the Court excluded from the jury the instrument sued on, the ruling will be revised, although there be not a statement purporting to narrate all the facts.

Where the defendants in a suit on a bond, or other instrument, alleged to have been executed by them, deny its execution under oath, in this that they allege a material alteration after the execution, without their consent, such plea does not put in issue the signing &c., of the bond or other instrument, nor throw the burden of disproving such alteration on the plaintiff, but it lies with the defendants to prove the alteration. (The alteration was not an apparent one, being alleged to have been made by filling a blank.)

Appeal from Gonzales. It appeared from a bill of excep-

tions, that the Court ruled out the bond, when offered in evidence by the plaintiff, on the ground that it was necessary for him first to prove that the alteration had not been made, as alleged by the defendants.

*Stewart & Mills,* for appellant.

Lipscomb, J.   This suit was brought by the appellant, as administrator *de bonis non,* against the defendant as former administrator, and his securities for the administration.   The case is very imperfectly presented.   The petition is obnoxious to exceptions, but they were not taken in the Court below, and there is no statement of facts, and therefore many errors of the Court that we cannot revise, because, as the record is presented, we do not know their relevancy ;   those, however, apparent upon the record, and those clearly presented by the Bill of Exceptions, we will notice.

In the first place the former administrator, cited by publication, made no defence, and no default was taken against him. The Court, however, on the verdict in favor of the two securities, who had answered, rendered judgment in favor of all the defendants.   This was manifest error, as to the principal in the bond.   The verdict did not authorise the judgment in his favor, and whether there was error or not, as to the others, (the co-defendants,) it ought to be reversed as to him.

The two securities pleaded a special *non est factum,* in this they allege that the bond, after it was executed by them, was altered by inserting the penalty of " *eight thousand dollars.*" The Judge charged the jury, that the onus of proving that it was not so filled up was cast by the plea upon the plaintiff, the administrator, to prove that it was not so filled up.   In this he was clearly wrong, because it rested upon the party pleading it to prove the fact of the alteration, and then it would have devolved upon the plaintiff to have shown that it

was done by their consent; if he failed in this proof, it was not the bond of the defendants and could not be the foundation of a judgment against them. The Court should have permitted it to have been read in the first instance, without proof of the signatures, because those signatures had not been denied by the plea but admitted, and matter in avoidance pleaded, to support which, proof should have been called for from the defendants. The Court clearly erred, and the judgment must be reversed, and cause remanded for further proceedings. The parties can amend when the case goes back.

Reversed and remanded.