### C. L. MUCKLEROY v. JAMES BETHANY.*

The defendant being sued on a note under seal, pleaded a special *non est factum*, admitting that he executed to the plaintiff his promissory note corresponding in all respects with the note sued on, except that the note executed by him was not under seal : *Held*, that upon the plaintiff making proof of the signature of the defendant, the legal presumption arose that the seal and all other parts of the note were also genuine ; and it was proper, after proof of the signature, to allow the note to go to the jury with that presumption in favor of all its parts.

But it seems that upon a special plea of the character described, the burden of proof in the first instance rightfully devolved upon the defendant, and imposed upon him the *onus* of proving an alteration of the instrument.

ERROR from Austin.

For the facts of this case see former report, 23 Texas Reports, 163.

MOORE, J.—The plaintiff in error, Muckleroy, who was the defendant in the court below, pleaded a special *non est factum*, in this, that the note executed by him was not under seal, while opposite to the names of the payers in the note sued on in this case there were scrawls, in one of which the word seal is written.   The court held in this case, when before it by a former writ of error, that this plea presented a valid defence.   (23 Tex., 163.)   The

---

* This suit was brought and plea filed before the passage of the act of February 2, 1858, dispensing with scrawls or private seals.   (O. & W. Dig., art. 1817.)

only matter for our determination now is, upon whom was the burden of proof imposed by this special plea? Or, if it was upon the plaintiff below, did the proof of the genuineness of the signature of the plaintiff in error authorize the reading the note as evidence to the jury, and throw upon him the burden of showing its alleged alterations? In the case of Pullen v. Hutchinson, (12 Shep., 254,) it is said: "A written instrument, not attested by a subscribing witness, is sufficiently proved to authorize its introduction by competent proof that the signature of the person whose name is undersigned is genuine. The party producing it is not required to proceed further upon a mere suggestion of a false date, when there are no indications of falsity found upon the paper, and prove that it was actually made on the day of the date. After proof that the signature is genuine, the law presumes that the instrument in all its parts is genuine also, when there are no indications to be found upon it to rebut such presumption."

In this case the signature of Muckleroy was sufficiently proved, and as the note seems not to have borne any apparent marks of alteration, it was properly admitted in evidence with the presumption that "all its parts are genuine."

As a special plea of *non est factum* of this character admits the genuineness of the signature, it would seem, indeed, that proof of this would be unnecessary, and consequently the *onus* of attacking the instrument is in the first instance upon the defendant who files the plea. This seems to be the rule recognized by this court. In the case of Wells v. Moore (15 Tex., 521,) there was a special plea of *non est factum*, alleging an alteration of the bond upon which the suit was brought, and the court say that the burden of proving the alteration in the bond rested upon the party pleading it.

There is no error in the judgment, and it is, therefore, affirmed.

Judgment affirmed.