[No. 2803.]

E. M. AND O. S. HEATH *v.* THE STATE.

1. PLEADING—CASE STATED.—Appellants were sureties upon the bail bond of one D. Upon the face of the bond it appeared that D. was originally held to appear before the July term, 1881, of the Johnson county District Court, a term not provided for by law. The word "July" appears to have been erased in the bond and the word "October" substituted. The bond was forfeited, judgment *nisi* entered and defendants cited. They answered by general denial and by a special plea, averring that they became sureties upon the bond of D. in said cause, but that by the terms of said bond D. was bound to appear at the July term, a term not provided for by law, wherefore the bond was void; and that, since the execution of said bond, it had been fraudulently altered by parties unknown. The trial court adjudged the special plea to be a nullity, because it was not verified by oath, and rendered judgment final upon the judgment *nisi. Held,* that the special plea was not in the nature of a plea of *non est factum,* and not such as, under our law, was required to be verified by oath; wherefore the court below erred in holding it a nullity and refusing to hear evidence in its support. See the opinion *in extenso* for an elaborate discussion of the question.

2. SAME—ALTERATION OF A WRITTEN INSTRUMENT.—Any alteration of an instrument which causes it to speak a language different in legal effect from that which it originally spoke is a material alteration. Under this rule it is *held* that the alteration of a bail bond as to the term of court before which the principal is bailed to appear, if made without the consent of the sureties, was a material alteration, and such as would release the sureties.

3. SAME—BURDEN OF PROOF.—It is a general rule that if on the production of a written instrument it appears to have been materially altered, it is incumbent on the party offering it in evidence to explain its appearance. See the opinion *in extenso* for a full exposition of the rule.

4. SAME—PRACTICE.—Where the alteration in an instrument is not an apparent one, the burden of proof is upon the party pleading the alteration to prove such alteration, and in such case even a plea under oath setting up *non est factum* does not throw the burden of disproving the alteration upon the other party.

5. SAME.—*Held,* in the case at bar:
   1. That there is an apparent alteration in the bond.
   2. That such alteration is a material one.
   3. That if, as alleged, it was fraudulently made without the consent of appellants, the bond, as to them, is void.
   4. That the defense as to such alteration was not required to be pleaded under oath.

5. That the alteration in the bond being a material and apparent one, the trial court, before admitting it in evidence, may require such alteration to be explained.

6. That under the plea the appellants should be permitted to prove the alteration as alleged by them.

APPEAL from the District Court of Johnson. Tried below before the Hon. Jo. Abbott.

The appeal in this case was prosecuted from the forfeiture of the bail bond of Walter Deshon, bailed under a capias charging him with theft of property under the value of twenty dollars. The amount of the bond and the judgment was three hundred dollars. Appellants were sureties on the bond.

*Brown & Ramsey* and *DeBerry & Smith,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Appellants were sureties upon the bail bond of one Walter Deshon. Upon the face of the bond appeared an alteration as to the time when the term of the District Court was to be held before which said Deshon was to appear. As the time was apparently first written in the bond, it bound said Deshon to appear before said court on the fifth Monday in *July,* 1881, but the word "July" appears to have been erased, and the word "October" inserted instead, making the bond read that said Deshon would appear before said court on the fifth Monday in *October,* 1881. This bond was declared forfeited, a judgment *nisi* entered thereon, and appellants cited to appear and show cause, etc.

Appellants answered by a general denial, and also by a special plea averring that they became sureties on the bail bond of said Deshon in said cause, but by the terms of said bond said Deshon was bound to appear before said court on the fifth Monday in July, 1881, a time not recognized by law for holding the District Court in Johnson county, and that said bond was therefore void; that, after the execution of said bond some one unknown to them fraudulently altered said bond by erasing "July" and writing "October" instead thereof, etc. A jury was waived upon the trial, and the cause submitted to the court, and the court adjudged the appellants' special plea to be a nullity because not sworn to, and made the judgment *nisi* final against appellants.

Was the special plea of appellants such a pleading as under our statute is required to be verified by the oath of the party pleading it? It is provided by statute that an answer by a defendant, which is a denial of the execution by himself or his authority of any instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him, or by his authority, and not alleged to be lost or destroyed, must be verified by affidavit. (Rev. Stats., Art. 1265, clause 8.) Such a plea is technically known as a plea of *non est factum.* Mr. Stephens, in his work on Pleading, says it is a plea which denies that the deed mentioned in the declaration is the deed of the defendant. Under this, the defendant may contend at the trial that the deed was never executed in point of fact. But he cannot, under this plea, deny its validity in point of law. If its legal validity, and not its execution, is to be questioned, this must form the subject of a special allegation showing the circumstances out of which the illegality is supposed to arise. (Stephens's Plead., 9 Am. ed., side page 159; Abbott's Law Dic., *Non est factum.*)

In this case the appellants did not deny but admitted the execution of the bond. They, however, by their plea, denied the validity of such bond, and set forth the circumstances constituting its supposed illegality. We do not regard such a plea as a plea of *non est factum,* or such a plea as is by our statute required to be verified by affidavit, especially where, as in this case, the alleged alteration in the instrument, which, it is claimed, renders it void, is apparent upon the face of the instrument. True, the defendants might have pleaded *non est factum,* as the altered instrument was not in truth the bond which they executed, but we do not think they were compelled to make their defense in this form of plea only.

Our system of pleading contemplates a plain and truthful statement of the facts which constitute the plaintiff's cause of action, or the defendant's matters of defense. We think the appellants, in their special plea, conformed to the true spirit of our rules of pleading, by admitting the execution of the bond, and then averring the alteration thereof, after execution, without their knowledge or consent. This presented, in a direct and plain way, the issue upon which they relied, which was not that they did not sign the bond, but that it was invalidated after they did sign it, by an unauthorized alteration in a material part of it. We think the court erred in holding the appellants'

plea to be a nullity, and in refusing to hear evidence as to the alleged and apparent alteration in the bond.

If the bond had in fact been fraudulently altered, as alleged, without the consent of appellants, after they had executed it, such bond would undoubtedly, as to them, be void; for it cannot be questioned but that the alleged alteration was material, because it made binding an obligation which, without such alteration, would have been a nullity. "Any alteration of an instrument which causes it to speak a language different in legal effect from that which it originally spoke, is a material alteration." (1 Greenl. Ev., sec. 565; *Park* v. *Glover*, 23 Texas, 469.)

It is stated as a general rule that if, on the production of an instrument, it appears to have been altered, it is incumbent on the party offering it in evidence to explain its appearance. (1 Greenl. Ev., sec. 564.) This general rule is more fully stated and explained in a late work on evidence, as follows: "If any material alteration, whether apparently advantageous to the holder or not, appears on the face of the paper, or in the indorsement on which his action depends, he should be prepared with at least some evidence tending to explain it. The question whether the alteration is such that the absence of an explanation excludes the paper is one for the court. If there is nothing suspicious about the alteration, it is not error to admit the paper without explanation. If there is anything suspicious, the court should require explanation; and the evidence offered for this purpose, which may include all the circumstances of its history, its nature, the appearance of the alterations. the possible or probable motives for the alteration or against it, and its effect upon the parties respectively, ought to be submitted to the jury with the paper itself." (Abbott's Trial Ev., p. 406, sec. 31.) Where the alteration is not an apparent one, the burden of proof is upon the party pleading it to prove such alteration, and in such case even a plea under oath setting up *non est factum* does not throw the burden of disproving the alteration upon the other party. (*Wells* v. *Moore*, 15 Texas, 521.)

We conclude, in this case: 1, that there is an apparent alteration in the bond; 2, that such alteration is a material one; 3, that if it was fraudulently made without the consent of appellants, the bond, as to them, is void; 4, that the defense of such alteration was not required to be pleaded under oath; 5, that the alteration in the bond being a material and apparent one, the trial court, before admitting it in evidence, may require

---

Statement of the case.

---

such alteration to be explained; and, 6, that, under the plea, appellants should be permitted to prove the alteration as alleged by them.

The objections urged against the sufficiency of the bail bond and the judgment *nisi* are untenable. Both are in substantial compliance with the law.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered May 23, 1883.