# APRIL, 1909.

### E. F. KALTEYER ET AL. v. WALLACE MITCHELL ET AL.

#### No. 1905.   Decided April 7, 1909.

**1.—Alteration of Instrument—Burden of Proof.**

Defendants having put in issue by sworn plea the alteration by interlineation, after their execution of it, of the instrument sued on, and the interlineation being obvious on the face of the instrument, the burden of proving the interlineation to have been made before signing was upon plaintiffs. (P. 392.)

**2.—Same—Cases Distinguished, etc.**

Wells v. Moore, 15 Texas, 521; Muckleroy v. Bethany, 27 Texas, 551, distinguished as involving alterations not apparent on face of instrument. Rodriguez v. Haynes, 76 Texas, 225; DeWees v. Bluntzer, 70 Texas, 406, approved. (P. 392.)

**3.—Pleading—Harmless Error.**

Failure to sustain exceptions to a pleading which were well taken is not ground for reversal where the judgment must be sustained upon grounds not connected with such issue. (Pp. 392, 393.)

**4.—Misconduct of Jury—Majority—Verdict.**

Refusal of court to grant a new trial on the ground of misconduct of the jury (agreeing that vote of majority should control verdict) held, in view of the evidence as to what their conduct was, not to be an abuse of the discretion confided to the court in such matters. (P. 393.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Kalteyer and others sued Mitchell and others. Defendants had judgment. It was affirmed on appeal by plaintiffs, who then obtained writ of error.

*R. B. Minor* and *Aug. E. Altgelt,* for plaintiffs in error.—The court erred in not sustaining the exception of plaintiffs to the defendants' answer, upon the ground that the same nowhere contains any allegation or denial which tends to show that the promissory note

involved in this suit is not a valid lien on the land sought to be fore-closed upon. Constitution, art. 16, sec. 50; McCarty v. Bracken-ridge, 1 Texas Civ. App., 170; Jones v. Male, 26 Texas Civ. App., 181; O'Brien v. Woeltz, 94 Texas, 148, 154; West End Town Co. v. Grigg, 93 Texas, 457; Thompson on Homesteads, sec. 246, p. 205.

Where a written instrument contains an apparent interlineation, and that interlineation is against the interest of the party claiming rights under the instrument, the law does not so far presume that the interlineation was improperly made as to throw upon him the burden of proving that it was made before the execution of the instrument. 1 Greenl. Ev., 564; Bailey v. Taylor, 11 Conn., 531; Coulson v. Walton, 9 Pet., 789; Collins v. Ball, 82 Texas, 259; Rodriguez v. Haynes, 76 Texas, 225; Davis v. State, 5 Texas Crim. App., 48; Kiser v. State, 13 Texas Crim. App., 201; Collins v. State, 16 Texas Crim. App., 274; Woodward v. Sugget, 59 Texas, 619, 622; Houston v. Jordan, 82 Texas, 353; DeWees v. Bluntzer, 70 Texas, 406; 1 Enc. Ev., p. 815.

A plea of special non est factum admits the genuineness of the signatures, and dispenses with proof of same; and consequently the burden of attacking the instrument by proving an alteration therein after its execution, is in the first instance upon the defendant who files the plea. Muckleroy v. Bethany, 27 Texas, 551; Wells v. Moore, 15 Texas, 521.

*Henry Verner* and *Joseph Ryan,* for defendants in error.—The interlineations being material and apparent upon the face of the instrument, themselves evidencing a contract altering the terms of the note, the burden of proof was upon plaintiffs; they contending that the interlineations were in the instrument when executed, as plead by them, and the instrument being attacked by defendant's plea of non est factum, as to said interlineations, and the execution of the contract evidenced by the pen writing denied. Railway v. Chandler, 51 Texas, 416; Holmes v. Coryell, 58 Texas, 687; Jester v. Steiner, 86 Texas, 415; Story v. Flanagan, 57 Texas, 649; Willis v. Lewis, 28 Texas, 185; Powell v. Hailey, 28 Texas, 52; Devlin on Deeds, sec. 463.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This action was instituted August 25, 1904, by plaintiffs in error upon a promissory note for $800 given by Wallace Mitchell and Mattie Mitchell to George A. Schoenert, purporting to be for a part of the purchase money of a certain lot, payable December 23, 1897. The plaintiffs also pleaded that on the 23d day of December, 1901, the said Wallace Mitchell and Mattie Mitchell, in order to secure said lien, executed to George C. Altgelt a deed in trust upon the said property empowering him, in default of the payment of said note on or before the 23d of December, 1903 (to which time the payment had been extended in said instrument), to sell the property for the payment of the amount. The defendants answered, among other things, the statute of limitations of four years to the note; and that the words in said deed of trust "the payment of which said

note has been extended for two years from December 23, 1901, all interest to that date having been paid and the rate of interest reduced to seven percent" were not in the deed of trust when it was signed by them, nor were they afterwards inserted by their knowledge or consent; but after the signing and delivery of said instrument were inserted by another person for the purpose of making it appear that the note secured thereby was not barred by the statute of limitations. This answer was sworn to by Wallace Mitchell and Mattie Mitchell.

The case was submitted to the jury upon special issues. The first issue submitted to the jury was as follows: "Were the following interlineations—'the payment of which note had been extended for two years from December 23, 1901, all interest to that date having been paid and the rate of interest reduced to seven percent—' written into the deed of trust which has been introduced in evidence before the same was signed and acknowledged? Answer they were, or they were not." Upon this issue the court gave the following instruction: "You are instructed that the burden of proof is upon plaintiffs to establish by a preponderance of the testimony, that the pen interlineations in the deed of trust introduced in evidence were made before the said deed of trust was signed and acknowledged by the defendants." It was for the giving of this charge that we granted the writ of error; but are now of the opinion that the charge was correct. In Wells v. Moore (15 Texas, 521), and in Muckleroy v. Bethany (27 Texas, 551), it was held that upon a similar issue the burden was upon the defendants. But in the former case the issue was whether the penalty of a bond "Eight thousand dollars" had been inserted before or after the bond was signed. We have examined the transcript of the case and find nothing to show that the alleged insertion was apparent upon the face of the instrument. The same may be said of Muckleroy v. Bethany, *supra.* In that case the question was whether a seal had been added to the names of the makers of the note. We find nothing in the transcript to show that the alleged alteration appeared upon the face of the paper. So we may dismiss these two cases from further consideration, there being nothing in either transcript to show that the alleged alteration was apparent. On the other hand it is expressly held in Rodriguez v. Haynes (76 Texas, 225), and in DeWees v. Bluntzer (70 Texas, 406), that a party who offers an instrument which appears upon its face to have been altered is bound to account for the alteration. (See also Park v. Glover, 23 Texas, 469, and Howell v. Hanrick, 88 Texas, 383.) We can not hold that the burden of showing that the alteration was made after the instrument was signed by the parties was upon the defendants without overruling these later decisions. There is a conflict of authority upon the question, but the weight of it, as we think, is in accordance with the later decisions of this court.

We incline to think that the plea of homestead against which was sustained the exception as complained of in the first assignment of error was not good, as is intimated by the Court of Civil Appeals in its opinion; but if the note was barred by limitation, as it clearly was, and if the inserted words found in the deed of trust were written after

the signing of that instrument, without the knowledge or consent of the defendants, then the note remained barred, and we fail to see that the failure of the trial court to strike out the allegations as to the homestead could have operated to the prejudice of the plaintiffs upon that issue.

In regard to the question of the misconduct of the jury. One of the jurors, upon whose testimony it was proposed to get a new trial for misconduct of the jury, swore that it was agreed to take a vote, and that as a majority should vote, so should be their verdict, that upon taking a ballot a majority voted for the defendants and that by reason of such ballot a verdict was rendered for the defendants. Another juror (there were but two examined) testified that when the jury retired they agreed to take a ballot, but declined to say that they agreed to be governed by the ballot; that the ballot was taken and that they afterwards passed upon the special issues, but he again declined to say that any juror's vote was influenced by the ballot taken. The statute provides that "if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted." (Laws 1905, p. 21.) We can not say that the action of the court in refusing a new trial shows such an absence of discretion as to authorize us to hold that it was error.

The other assignments of error in the case, though not discussed in this opinion, we think were correctly overruled by the Court of Civil Appeals.

Finding no error in the judgment, it is affirmed.

*Affirmed.*