## PHILLIPS et al. v. CHAPMAN, Commissioner of Banking. (No. 1907.)

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1926. Rehearing Denied Dec. 9, 1926.)

1. **Guaranty ⚖⟺82(3)—Signers of separate agreement, guaranteeing payment of note, could be sued without maker of note being joined.**

Defendants, signers of separate agreement, guaranteeing payment of note, could be sued without maker of note being joined in action, one or more of promisors on joint promise being capable of being sued without others being joined.

2. **Guaranty ⚖⟺82(3)—As respects joinder, guaranty and note guaranteed being simultaneously executed and delivered, note held only incidental to cause of action on guaranty.**

As respects joinder, where guaranty agreement and note guaranteed were executed and

delivered at same time, though both instruments were necessary part of cause of action on guaranty contract, note was only incidental to cause of action as disclosing duty of note payment assumed by guarantors.

**3. Guaranty ☞35—Signers of agreement, guaranteeing payment of another's note, held absolutely liable.**

Defendants, signers of agreement, guaranteeing payment of another's note, *held* absolutely liable, agreement signed amounting to promise to pay note absolutely.

**4. Guaranty ☞82(3)—As respects joinder, guarantors of payment of another's note being absolutely liable, statutes governing suing of sureties and of parties conditionally liable held not applicable (Rev. St. 1911, arts. 1843, 6336, 6337).**

As respects joinder, signers of agreement, guaranteeing payment of another's note, being absolutely liable, Rev. St. 1911, art. 1843, governing suing of parties conditionally liable, and articles 6336, 6337, governing suing of surety, *held* not applicable.

**5. Pleading ☞297—Signers of note guaranty agreement, appealing, held to have adopted verified pleadings of other signers, though own answer was not verified.**

Where some of signers of note guaranty agreement denied, under oath, execution of guaranty agreement and note guaranteed, present signers, appealing, *held* to have adopted verified pleadings of other defendants, though not having verified their answer.

**6. Bills and notes ☞485—Pleading ☞304—Burden of proving guaranty held imposed on plaintiffs by defendant's verified pleadings denying execution of note and guaranty, notwithstanding reception of instruments, in evidence, without objection.**

Verified pleadings of defendants, sued as signers on note guaranty agreement, containing denial of execution of both agreement and note guaranteed, *held* to place burden on plaintiff of proving execution, in spite of admission of note and guaranty in evidence, without proof of execution and without objection.

**7. Guaranty ☞87—In action on guaranty of note, judgment against part of guarantors only held error under evidence insufficiently proving execution of guaranty.**

Record, in appeal of action on note guaranty agreement, disclosing guaranteed note and agreement of guaranty with erasure on date, no proof of execution of two instruments having been made, judgment of trial court imposing liability on some of signers of agreement and releasing others *held* error.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by J. L. Chapman, Commissioner of Banking, against W. A. Martin, Geo. Phillips, and others. Judgment for plaintiff, and

Geo. Phillips and another bring error. Reversed and remanded.

Conner & McRae, of Eastland, and Butts & Wright, of Cisco, for plaintiffs in error.

Spencer & Rogers, of San Antonio (W. J. Rogers, of San Antonio, of counsel), for defendant in error.

WALTHALL, J. J. L. Chapman, commissioner of banking, and, as such commissioner, in charge of the affairs of the Security State Bank & Trust Company, for the purpose of liquidating its affairs, brought this suit against W. A. Martin, Wm. F. St. John, and a number of others whose names we need not state here, alleging that on the 25th day of February, 1920, H. W. Williams executed and delivered to the American National bank of Eastland a certain promissory note for the principal sum of $815, due four months after date, payable to the order of said last-named bank, with interest, and providing for the payment of attorney's fees. That, coincident with the making of said note, the parties named as defendants executed and delivered to said bank a certain guaranty contract whereby the payment of said note was guaranteed at its maturity, or any time thereafter to which extension might be made, and agreed to any extension of said note, without notice, waiving presentment, notice, protest, and diligence in bringing suit against the principal or any guarantor.

The commissioner alleged the ownership of the note to be in the Security State Bank & Trust Company, request, and refusal to pay the note. It is alleged that certain of the guarantors, naming them, had been discharged through bankruptcy proceedings, that another was dead and his estate insolvent; that others, some eight in number, naming them, were guarantors of the payment of said note; that H. R. Williams was maker of said note, and that the plaintiff does not make them parties to this suit for the reason that he does not know their whereabouts.

Plaintiff prayed for judgment, jointly and severally, against those sued. Defendants W. A. Martin, F. E. Day, L. A. Hightower, and Earl Conner answer by general denial, and by special answer say that:

"They nor either of them, nor did the maker of the note, as alleged, H. R. Williams, execute such note as sued on, nor did they or either of them, authorize any person to sign such note as described in plaintiff's petition."

They allege that the note signed by Williams bore date February 11, 1920, and so believe and charge that since the execution of the note the date of the note has been changed from February 11, 1920, to February 25, 1920, without the knowledge or consent

of Williams or either of defendants, and that by reason of said change the obligation is without force or effect.

Defendants, by verified trial amendment, allege that they, nor either of them, executed the guaranty as described in plaintiff's petition in that the guaranty executed by them did not, when executed, bear date of February 25, 1920, but 'of February 11, 1920, and that such change in date was without their knowledge or consent. The other defendants not named above answered, and each adopted the defensive matters, as above stated.

The trial court, in the judgment rendered, discharged certain of the defendants, but recited therein that said promissory note, "plaintiff's cause of action," describing same, signed by H. R.· Williams and made payable to the American National Bank, and the said guarantee, were signed by each of the defendants and guaranteed the payment of said note, and that said instruments were placed in evidence without objection on the part of defendants, Wm. F. St. John, Robert D. Gordon, Tom W. Crutcher, F. A. Jones, George Phillips, and E. L. Trimble, and for that reason plaintiff ought to recover against each of said defendants, and entered judgment against them jointly and severally for the amount of said note, interest, and costs. The court dismissed as to D. G. Hunt, Jr., and Walter H. Morris, made defendants but not served with citation. Defendants St. John, Crutcher, and Phillips excepted to the judgment and gave notice of appeal; St. John and Phillips assigned error, gave bond, and have filed briefs.

### Opinion.

[1] Appellants suggest fundamental error in the rendition of the judgment against them as the record on its face shows that they and their codefendants are sued as not being primarily liable, but as joint guarantors of the payment of the note executed by H. R. Williams, who was not joined in this suit and had not been previously sued, and·it was not made to appear that Williams resides beyond the limits of the state, nor in such part of the ·state that he cannot be reached by the ordinary process of 'law, nor that his residence is unknown and cannot be ascertained by the use of reasonable diligence, nor that he is dead nor actually or notoriously insolvent: the only reason given for not joining Williams, the maker of the note, in the suit was, as stated in the petition, that "his whereabouts" was not known to the commissioner.

Appellants were sued as guarantors upon a contract for the payment of the note executed by Williams and set out in the petition.

It is insisted by appellee that appellants are primarily and not conditionally liable.

The instrument signed by the defendants, including appellants, is separate and apart from the note and reads as follows:

"Eastland, Tex., February 25, 1920.

"To the American National Bank, Eastland, Tex.—We, the undersigned, hereby guarantee payment of one certain promissory note of even date herewith, signed by H. R. Williams, payable to the order of the American National Bank within four months from date, for the principal sum of eight hundred and fifteen and no/100 ($815.00) dollars.

"We guarantee the payment thereof at maturity or at any time thereafter to which extension may be made, and agree that said note may be extended without notice to us, hereby waiving presentment for payment, notice of non-payment, protest, and notice of protest. We further waive diligence in bringing suit on this note against the principal thereof or any guarantor; it being understood, however, that the proceeds of this note are to be converted into a certified check, which is to be payable to Walter Norris, President of the West Texas League, to be deposited as a forfeit with the National Baseball Commission for a franchise in the West Texas League."

The original instrument sent up with the record shows that the date February 11, 1920, was written for the ·instrument and erased, and February 25, 1920, written therein.

[2] The execution· and delivery of the instrument was alleged to be coincident with the execution and delivery of the note; that is, each part of the one and the same transaction. The trial 'court so tried the case and in the judgment recites that the plaintiff's cause of action is proved by the promissory note, and its payment guaranteed by said writing. While the two instruments were necessary to and together constituted the cause of action, the note was incidental only to the cause of action as disclosing the duty assumed by the guarantors as to its payment.

[3, 4] Appellants' liability was that of guarantors of the payment of the note, and they were sued as such. We think the instrument they executed amounted to a promise to pay the note absolutely and irrespective of the liability of the maker of the note; that is, the promise in the instrument guaranteeing the payment of the note was not conditioned on its payment by the maker. If we are not in error in our statement as to the absolute liablity of the guarantors, it follows, we think, that articles 1843, 6336, and 6337 of our Revised Statutes of 1911 have no application. Shropshire v. Smith (Tex. Civ. App.) 37 S. W. 470; Slaughter v. Morton (Tex. Civ. App.) 185 S. W. 905 (writ refused); Smith v. Cummer Mfg. Co. of Texas (Tex. Civ. App.) 223 S. W. 338; Young et al. v. Bank of Miami· (Tex. Civ. App.) 175 S. W. 1102.

In McDonald v. Cabiness, 100 Tex. 615, 102 S. W.·721, our Supreme Court very clearly states the rule to be in this state that one or more of the promisors on a joint promise may be sued without joining the others.

[5, 6] Some of the defendants in the suit denied, under oath, the execution of the note by Williams, described in plaintiff's petition and exhibited in evidence as the note guaranteed to be paid, and denied the execution of the contract of guaranty in that it is alleged that the date of the note was changed from February 11, 1920, to February 25, 1920, and the guaranty contract, when executed, bore date of February 11, 1920, and the date of February 25th written thereon. Appellants, though not themselves verifying their answer, adopted the answer and trial amendment of the defendants so denying the execution of the note and guaranty contract.

The note and guaranty were admitted in evidence without proof of their execution. The trial court in the judgment states that the "instruments were placed in evidence without objection on the part of" appellants, and that it was the opinion of the court that appellee ought to recover of them, and so rendered judgment. It is not claimed and we do not understand that the court meant to say that appellants, by not objecting to the tender of the note and guaranty in evidence, waived proof of their execution. The sufficiency of the pleas denying the execution of the note and contract of guaranty by one of the defendants sued jointly with appellees is not brought into question.

We think the verification of the pleas by one of the defendants, and the adoption of the pleas by appellants, answering separately, sufficient to put upon appellee the burden of proving the true dates of the note executed by Williams and the guaranty contract, both having been denied under oath. The tender of the note and guaranty contract in evidence without objection on the part of appellants did not have the effect to relieve appellee of the burden cast upon him by the pleas, as seems to have been the view of the court as expressed in the judgment. The general denial required the introduction in evidence of the note and guaranty contract, and the verified pleas put upon appellee, additionally thereto, the burden of the issue made by the pleas.

[7] The original note and guaranty contract have been sent up with the record, and the guaranty contract shows that one date has been erased and another inserted. We cannot see why the same record should have the effect to release some of the defendants sued jointly and cast the burden upon others. The failure of appellants to object to the introduction in evidence of the two instruments would not have the effect to do so. The extent of the objection that could have been made was that the burden cast upon appellees by the plea had not at that time been met, and the extent of the ruling, had objection been made, would probably have been to postpone the introduction of the two instruments until the burden cast by the pleas had been met, or to have admitted the two instruments conditionally, that the appellee meet the burden cast by the pleas. We think it error to have rendered the judgment against appellants in the condition of the record.

The case is reversed and remanded.