**AUSTIN, Banking Com'r, v. ST. JOHN et al. (No. 421.)**

Court of Civil Appeals of Texas. Eastland.
April 6, 1928.

Rehearing Denied May 25, 1928.

1. **Alteration of instruments** ⚖=25—Special plea of alteration after execution without defendants' consent did not put in issue original execution of note or guaranty, though answer denied execution.

In action to recover on guaranty of note, defendants' special plea of alteration of note after execution and without their consent did not put in issue original execution of note or guaranty, even though answer denied execution of instruments.

2. **Appeal and error** ⚖=931(3)—Where court's findings were not sufficiently definite, appellate court must consider facts found and those implied from findings.

Where findings as to time of alleged alteration of instrument sued on were not sufficiently definite and specific, appellate court must consider not only facts expressly found, but such as were implied from those expressly found.

3. **Appeal and error** ⚖=719(6)—Absent assignments properly calling attention to lack of evidence to support findings, appellate court need not search statement of facts.

Where there is no assignment properly attacking court's findings on ground of insufficiency of testimony to support conclusions, appellate court is not called on to search statement of facts.

4. **Alteration of instruments** ⚖=18—Plaintiff cannot recover on guaranty of note, where date was altered subsequent to execution by defendants without authority and suit was barred under original date.

Plaintiff could not recover on guaranty of note where there was material alteration apparent upon its face, in that date was changed from February 11 to February 25, which was made subsequent to execution thereof by defendants without authority, and under original date suit was barred by statute of limitations.

On Rehearing.

**5. Alteration of instruments ☞27(2)—Plaintiff suing on guaranty of note had burden of at least showing there was no alteration after instrument was delivered to it.**

Plaintiff in action to recover on guaranty of note, which defendants claimed had been materially altered, had burden of at least showing that there was no alteration after instrument was delivered to it.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Charles O. Austin, Banking Commissioner, against W. F. St. John and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Spencer & Rogers, of San Antonio, for appellant.

Conner & McRea, of Eastland, and Butts & Wright, of Cisco, for appellees.

LESLIE, J. In this case Charles O. Austin, appellant, sued appellees George Phillips, William F. St. John, and others to recover on the guaranty of a note for $815. The note was executed by H. R. Williams and guaranteed by the named defendants and others. There was a former appeal of this case (Phillips v. Chapman [Tex. Civ. App.] 288 S. W. 1100), and a judgment prior to the one here appealed from disposed of the numerous other parties signing the instrument of guaranty, and this litigation is solely between the named defendants and the commissioner, who is the owner of the note and whose right to sue thereon is not questioned.

The trial was before the court without a jury. The appeal is from a judgment in favor of the defendants. The record contains a statement of facts as well as findings of fact and conclusions of law.

To plaintiff's petition, the defendants presented, among other defenses, the plea of non est factum, plea of limitation, and special plea of alteration. The plea of alteration was to the effect that, if the named defendants executed the guaranty at all, the date of such execution was February 11, 1920, and not February 25, 1920 as contended by the plaintiff), and that since its execution the date of the instrument of guaranty had been thus materially altered by some one unknown to the defendants and without their knowledge or consent. By substantially the same allegations it is charged that the date of the note had been in like manner altered without the knowledge or authority of Williams, the maker, or these defendants, and February 25 substituted for February 11. The petition declares on the guaranty as of date February 25, 1920, and, if the true date of that instrument's execution and delivery be February 11, then this suit was effectively barred by limitation eight days before its filing. The obligations under both the note and the guaranty would have been so barred.

[1] The defendant's special plea of alteration of the instruments after execution and without their consent does not put in issue the original execution of the note or guaranty, even though the answer denies, as in this case, the execution of said instruments. Muckleroy v. Bethany, 27 Tex. 551; Wells v. Moore, 15 Tex. 521; Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583.

The court's findings material to the issues presented are:

"(5) I further find that the instrument in writing that was executed by W. F. St. John and George Phillips, above referred to, shows upon its face and it is apparent upon its face that it originally bore date of February 11, 1920, and that subsequent to such date it had been changed, as is apparent upon its face, from February 11 to February 25, 1920, and that subsequent to such date it had been changed, as is apparent upon its face, from February 11 to February 25, 1920, and I further find from the other testimony adduced that such change in said date was made.

"(6) I find that the note introduced in evidence was originally dated February 11, 1920, and that it is patent upon its face that said date had been changed from February 11, 1920, to February 25, 1920.

"(7) I further find that the plaintiff herein has failed to prove by sufficient and satisfactory evidence the circumstances attending the change of such written instruments.

"(8) I further find that such change in said instrument was made without the notice and consent of the defendant George Phillips or any representative of George Phillips.

"(9) I further find that at the time W. A. Martin, George Phillips, and L. A. Hightower executed the above instrument, generally designated as a 'guaranty,' that they never noticed or observed that the date of February 11, 1920, had been changed to February 25, 1920. I further find that suit was originally filed in this court June 9, 1924."

[2] These findings, as to the time of the alleged alteration with respect to the time said defendants executed the instrument, are not as definite and specific as they should be, but the plaintiff made no objection to them on that ground, nor did he ask for additional findings more specific in that particular. In this state of the record it is our duty to consider not only the facts expressly found, but such as are implied from those expressly found. Interpreting the court's findings by the aid of this principle, we construe the same to show a finding that the alteration occurred after the execution of the instrument by the defendants and without the authority of the defendants.

[3] Further, there is no assignment properly attacking the court's findings on the ground of the insufficiency of the testimony to support the conclusions. In the absence of such assignments specifically calling our at-

tention to such lack of support, if any, in the testimony, we are not called upon to search the statement of facts.

The alterations alleged present these features: On the instrument of guaranty declared upon as of date February 25, 1920, the 25 was written above the 11 that had been crossed out. In the case of the note the date February 11th had been converted into February 25th by making the first "1" into a "2" and the second "1" into a "5." The alterations were apparently not in the handwriting of the one who prepared the body of each instrument.

[4] In view of the court's findings, the record before us presents a suit based upon an instrument bearing a material alteration apparent upon its face, and the court has found: (1) That such alteration was made; (2) that it was made subsequent to the execution thereof by the defendants; and (3) without authority. Clearly, the opinion of our Supreme Court in Kalteyer et al. v. Mitchell et al., 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889, rules this case and requires its affirmance.

The appellant's assignments are overruled, and, for the reasons assigned, the judgment of the trial court is affirmed.

### On Rehearing.

Appellant has filed a forceful and interesting motion for rehearing in this cause. By such motion it is urged, among other things, that the opinion in Hess v. Schaffner (Tex. Civ. App.) 139 S. W. 1024, and not the opinion in the case of Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889, is controlling in this case and requires the judgment of the trial court to be reversed and rendered in favor of the appellant. We do not think that our original opinion is in conflict with the decision in Hess v. Schaffner, supra. In that case the erasure of the name of John Dameck was made before the delivery of the note. Such fact, shown to exist, entitled the instrument to be introduced in evidence but for the other objection as to a variance. In the instant case, had it been admitted or shown by the evidence that the alteration was made before the instrument was delivered to the plaintiff, then the instrument would have been entitled to consideration as evidence and would have been sufficient to make a prima facie case.

[5] The trial court's finding that plaintiff "failed to prove by sufficient and satisfactory evidence the circumstances attending the change of said written instruments" would, in such case, have had no support in the record and would have been insufficient to support the judgment for defendants. But it was an issue of fact whether the alterations apparent on the face of the instrument were made before or after delivery. The court's finding that plaintiff had not discharged its burden of explaining the alterations consistently with plaintiff's right to recover is therefore supported by the record in that plaintiff, having the burden of at least showing that there was no alteration after the instrument was delivered to it, failed to do so.

We think, therefore, that this finding of the court is binding upon us, and the motion for rehearing is accordingly overruled.