## KRAKER v. BETTMAN–KLEINHAUSER CLOTHING CO. (No. 8081.)

Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1928.

$100 each, one in the sum of $200, and the other in the sum of $211.31, due, respectively, at different dates from December 21, 1925, to January 25, 1927, the aggregate sum of said notes being $811.31. It was further alleged that the notes· were accepted by the Model Clothiers, Inc.; by John Kraker, which was indorsed on each of the notes, and further that each of said notes had written on its back:

"For value received, I, we, or either of us, do hereby guarantee payment of this instrument at maturity. John Kraker."

Appellant admitted his signature as an indorser, but pleaded non est factum as to the guaranty, and want of consideration.

The cause was submitted to a jury through special issues, and on the answers thereto judgment was rendered in favor of appellee in the sum of $946.31, with interest thereon at the rate of 10 per cent. from date of the judgment.

The jury found: That appellant indorsed the acceptance trade notes in consideration of time for the payment of an account then due by the Model Clothiers, Inc., to appellee. That the guaranty of payment hereinbefore copied was written at the instance of appellant on the back of each of the notes. These findings are sustained by the facts. The Model Clothiers, Inc., was adjudged a bankrupt, and appellee filed its claim therein but failed to collect only a small sum for which the bankrupt was liable. The bankrupt proceedings were fully closed.

The proof showed that the acceptance· trade notes were filed in the District Court of the United States in St. Louis, Mo., where the bankruptcy proceedings as to the Model Clothiers, Inc., were had, and that the court would not permit such notes to be withdrawn to be used in the trial of this case, and from the very necessity certified copies of such notes were permissible, even though appellant had denied his signature on the original notes as guarantor. The notes had become a part of the records of a court outside of and beyond the jurisdiction of the state court, and copies of such notes were, of necessity, the best proof obtainable of their contents. Elliott on Evidence, §§ 1470, 1471. Due diligence was used in showing that the original notes were beyond the jurisdiction of the trial court, and copies of them were necessarily admissible. Appellant did not deny execution of the notes.

The burden of· proof rests upon the party who pleads non est factum to sustain his plea, and if he desired to show that the signature attached to the guaranty on the back of the notes was not his signature it was his duty to obtain the notes from the federal court in St. Louis and make profert of the signature. Muckleroy v. Bethany, 27 Tex. 551; Irvin v. Garner, 50 Tex. 48.

McBride, McBride & Harney, of Borger, for appellant.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, for appellee.

FLY, C. J. Suit was instituted by appellee against John Kraker in which it was alleged that on December 15, 1925, appellee drew six trade acceptance notes, payable to· its order, on the Model Clothiers, Inc., a corporation of Crescent, Okl., four of them in the sum of

The notes were admitted to be genuine, the sole contention being that the signature to the guaranty had not been written by appellant. Appellant should have shown that it was not. Even under the decision in Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889, the burden was on appellant to show that his name had been forged or that there had been an alteration. The conflict of evidence was a matter for the jury, and they resolved it against appellant. It was in evidence that the words of guaranty were written in the presence of and with the consent of appellant, and the jury believed that evidence.

Appellant was the president and general manager of the Model Clothiers, Inc., and appellant obtained time on payment of the debts of the corporation and that extension was a full and adequate consideration for his guaranty.

There is no merit in the contention that the district judge who tried the cause had no authority to do so. This case was tried in Dallas county, which has two or more district courts with civil jurisdiction only, whose terms continue for three months or longer, and it was in the discretion of the judges of such courts to exchange benches or districts from time to time, and to transfer cases from one court to another. Article 2092, subd. 21, Rev. Stats. 1925.

The rules as to briefing have been ignored by appellant, but we have considered each assignment and find none of them should be maintained. We conclude the judgment should be affirmed.