## THOMPSON et al. v. KIRBYVILLE STATE BANK.

### No. 3876.

Court of Civil Appeals of Texas. Beaumont.
July 24, 1941.

Rehearing Denied Sept. 17, 1941.

Fowler & Conn and John B. Warren, all of Houston, and Synnott & Smith, of Jasper, for appellants.

Collins, Williams & Garrison, of Lufkin, and Richardson & Lanier, and Adams & Hillin, all of Jasper, for appellee.

COMBS, Justice.

Appellant, Mrs. Clerye Thompson, joined by her husband, appellant N. B. Thompson, sued appellee, Kirbyville State Bank of Kirbyville, to recover $2,000 which it is alleged the Bank owed her, plus interest at the rate of 6% from December 14, 1935. Mrs. Thompson's theory of the case was that she advanced the $2,000 to the Bank as a loan to be paid back in one year with interest. The Bank's theory was that the $2,000 paid the bank by Mrs. Thompson was not a loan but a contribution made by her to restore the impaired capital of the bank, in which she, her husband, and two brothers were interested as stockholders.

The facts show that prior to the transaction in question the appellee bank was formed to take over two other banks which were insolvent. The assets of the two old banks were divided into two classes, class A and class B. The defendant bank purchased the class A assets and the class B assets were deposited with it as security for the class A assets, but remained the property of the stockholders of the old banks.

Mrs. Thompson plead, and so testified, that on December 14, 1935, she advanced the bank $2,000 as a loan to be repaid in one year with 6% interest and received from the then cashier a written instrument as follows:

"Credit                                    Date 12–14–5
Undivided Profit Account—by Mrs. Clerye A. Thompson. To be Refunded to Said Mrs. Clerye A. Thompson, out of ——— (Obliterated) ——— Said The Kirbyville State Bank of Kirbyville. This Plan Discussed and Accepted by State Bank Examiner.
Cashiers Check #4323
Payable to Mrs. Clerye
A. Thompson                              2000.00
Approved by                              L. C. Edwards
                                         Cashier."

She plead that she had accidentally mutilated the instrument by tearing a part of it out and that the part marked "obliterated" above, read "out of the assets of the K. St. Bk. of Ky." She plead that the contract was partly written and partly oral.

As stated above, the bank contended that the payment by Mrs. Thompson was a contribution and not a loan, and further that she subsequently executed a release in writing in which she released the bank from all liability. As to this, Mrs. Thompson plead that the alleged release was obtained by duress.

On a trial to a jury, the jury found that the payment by Mrs. Thompson was not a loan but a contribution; that she paid the money to restore impairment of. the bank's capital and that it was so used; and that the release signed by her was not executed under duress.

Upon the jury's answers, the trial court entered judgment against the Thompsons

that they take nothing. This appeal is from that judgment.

Appellants first contend that their motion for instructed verdict should have been granted because their suit was founded on a promise in writing to pay the money and the defendant did not file any verified plea of non est factum.

■ The assignment is overruled. The instrument was not self-proving but showed on its face that it had been mutilated. Under plaintiffs' own pleading, oral testimony was necessary to support it to the extent of proving up the obliterated part. Furthermore, plaintiffs alleged that the agreement sued on was partly written and partly oral. The written instrument plead and introduced merely noted that the $2,000 was "To be refunded" to Mrs. Thompson. It said nothing about repaying in one year, or that interest at 6% was to be paid. Plaintiffs sought to establish these matters by oral testimony. Clearly, the suit was not founded on such a written instrument as would bring the case within the rule requiring a verified plea of non est factum as a predicate for defendant to offer its defenses against it. 2 Tex.Jur. 711, 712; Austin, Banking Com'r, v. St. John, Tex. Civ.App., 6 S.W.2d 224; Kalteyer v. Mitchell, 102 Tex. 390, 117 S.W. 792, 132 Am. St.Rep. 889.

■ Appellants challenge the sufficiency of the evidence to support the jury's finding that the $2,000 paid to the bank by Mrs. Thompson was a contribution and not a loan. The assignment is overruled. The facts show that Mrs. Thompson owned eighteen shares of stock in the bank of the par value of $1,800 and that her husband owned fifty-five shares of the par value of $5,500. A representative of the State Banking Department testified that in October, 1935, he examined the bank and found its capital impaired. The officials were notified that the impaired capital must be restored. In January, 1936, after Mrs. Thompson made the payment the bank officials notified the Department that the impaired capital had been restored. In April he again examined the bank and found that the impaired capital had been restored by two contributions, one a cash contribution of $2,000 by Mrs. Thompson and the other a note for $2,000 by Mr. Conn. He further testified that a loan would not have restored the impaired capital. The bank records gave no evidence that it was a loan. Had the impaired capital not been restored the bank would have been closed, which would have subjected the stockholders, including Mrs. Thompson, to assessment. These facts are sufficient to show that the issue was one of fact for the jury.

Appellants have a number of assignments to the effect that the instrument executed by Mrs. Thompson releasing the bank from all liability on the obligation was without consideration, and also that it was obtained by duress, an issue found against appellants by the jury. It is apparent that the holdings we have made above require an affirmance of the judgment, and it will therefore not be necessary for us to discuss these other assignments.

The judgment of the trial court is affirmed.