# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00006-CV
---

Navari, LLC, d/b/a Il Forte Italian Ristorante, and Cesar Navari, Appellants

v.

Sysco Central Texas, Inc., Appellee

---
### FROM THE COMAL COUNTY COURT AT LAW NO. 2
### NO. 2016CVB0272, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute between a food service vendor and a restauranteur. Plaintiff Sysco Central Texas, Inc., entered into a contract with Navari, LLC, to provide certain products to a restaurant operated by the LLC. Upon execution of the contract, Sysco required the LLC's president, Cesar Navari, to personally guarantee the line of credit extended by Sysco. After a series of disagreements regarding the price and delivery of Sysco's products, the LLC suspended payments and Sysco sued for breach, seeking to recover the unpaid balance from the LLC itself or from Mr. Navari as the guarantor. The trial court ultimately granted Sysco's motion for summary judgment, holding the LLC and Mr. Navari jointly and severally liable for the unpaid balance, pre- and post-judgment interest, court costs, and attorney's fees. The LLC and Mr. Navari now appeal that judgment. We will affirm.

"Summary judgment is proper when the summary-judgment evidence shows that there are no disputed issues of material fact and that the movant is entitled to judgment as a matter of law." *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 905 (Tex. App.—Austin 2010, no pet.) (citing Tex. R. Civ. P. 166a). "A movant seeking traditional summary judgment on its own cause of action . . . has the initial burden of establishing its entitlement to judgment as a matter of law by conclusively establishing each element of its cause of action." *Id.* "If the movant meets this burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment." *Id.* "When reviewing a summary judgment, we take as true all evidence favorable to the non[-]movant, and we indulge every reasonable inference and resolve any doubts in the non[-]movant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review summary judgment de novo. *Id*.

To prevail on a claim of breach of contract, a plaintiff must establish: (1) the existence of an agreement, (2) a breach of that agreement by the defendant, and (3) damages caused by the breach. *Roundville Partners, L.L.C. v. Jones*, 118 S.W.3d 73, 82 (Tex. App.—Austin 2003, pet. denied). In support of its claim against the LLC, Sysco submitted a contract executed by Sysco and the LLC on March 24th, 2016. That contract governs "all of Customer's [i.e., the LLC's] purchases of goods and services from Sysco" and allows Sysco—"in its sole discretion"—to establish or modify the terms of payment. Those terms of payment are stated on each delivery invoice, which Sysco also admitted into evidence, along with internal records showing an overdue balance of $9,013.90 on the LLC's account. Sysco's director of credit verified the accuracy and authenticity of this evidence, which the LLC does not appear to dispute. *See* Tex. R. Evid. 803(6),

2

902(10). The director further testified that the LLC had received notice of the outstanding balance and the final payment demand required by the contract. In other words, Sysco has produced evidence of the contract between Sysco and LLC, a breach by the LLC, and the resulting damages, and is entitled to summary judgment on the claim if the evidence is not rebutted. *Trudy's*, 307 S.W.3d at 905.

The LLC concedes the existence of the contract and an unpaid balance but argues the evidence creates a genuine question of fact as to whether it breached the contract by refusing to remit payment. Although the LLC's arguments before the trial court and on appeal are not entirely clear,[1] it appears to be raising the defense of prior material breach. *See Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432 (Tex. 2017) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." (quoting *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004))). Yet even broadly construing the LLC's pleadings as having properly raised this defense, the LLC failed to produce sufficient evidence to overcome summary judgment. It argues, for example, that Sysco's products were overpriced, that Sysco delivered products the LLC did not order, and that Sysco charged for products that were never delivered. With respect to the LLC's first complaint, the contract expressly reserves Sysco's right to set the price of

---

[1] Mr. Navari originally attempted to represent the LLC and himself pro se before learning that a Texas business organization must be represented by an attorney, *see Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996), and then retaining and releasing a series of counselors. These changes in representation might have contributed to any inconsistencies in the LLC's position. We hold pro se litigants to the same standards we hold litigants represented by counsel. *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd).

each product and to change those prices at any time. The allegation that Sysco delivered products the LLC did not order is refuted by the record, which reveals that a restaurant employee ordered and accepted tender of each delivery. The LLC responds that a "rogue employee" placed these orders and accepted these goods without authorization, but the LLC has produced no evidence of any contractual provision limiting which employees could place orders or accept delivery. Moreover, the contract requires the LLC to provide written notice within three days of non-conforming delivery, and there is no evidence anyone attempted to do so. Nor is there evidence of any undelivered products for which the LLC was invoiced. Even construing the record in the LLC's favor, as we must, we conclude the LLC has produced no evidence Sysco breached the contract, and thus the LLC was not excused from its own obligations, including its obligation to remit timely payment for goods and services rendered. *Id.* The LLC therefore breached the contract when it failed to pay its outstanding balance.

The LLC contends, however, that the balance alleged by Sysco does not accurately reflect the balance due on the account. In support of its claim, the LLC relied on sworn statements from Mr. Navari and several emails and letters exchanged between Mr. Navari and Sysco representatives. This evidence shows how Sysco applied the LLC's payments to the account and how it calculated the remaining balance. Outside of vague allegations of overbilling and conclusory statements of erroneous accounting, the LLC introduced no evidence of any error in that calculation. In fact, Mr. Navari conceded, on behalf of the LLC, that he finds accounting "confusing" and that he could not calculate the balance himself. Thus, because neither vague nor conclusory statements will suffice to create a genuine issue of fact, *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015) (orig.

4

proceeding), the LLC failed to rebut Sysco's evidence of the breach and resulting damages and Sysco is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a. We overrule the LLC's sole issue on appeal.

Sysco is also entitled to summary judgment on its claim against Mr. Navari. In support of that claim, Sysco produced a contract titled "Individual Personal Guaranty," which bears what appears to be Mr. Navari's digital signature on the line for the "Guarantor." This Guarantor, by signing the guaranty, "personally guarantees prompt and punctual payment and performance when due . . . of any and all of [the LLC's] obligations, indebtedness, and liabilities of every kind, nature and character, direct or indirect . . . ." Mr. Navari contends he has no recollection of authorizing the digital signature. But the Sysco representative who opened and managed the disputed account testified that she was present and personally witnessed Mr. Navari as he digitally signed the guaranty. She further testified that she confirmed his understanding of the obligations imposed on the Guarantor before allowing him to sign. Mr. Navari does not dispute the presence of that representative at execution of the guaranty, and the fact that he cannot remember adding his digital signature does not contravene her testimony as to its authenticity. *See Muckleroy v. Bethany*, 27 Tex. 551, 552 (1864) (holding plaintiff's testimony sufficient evidence of authenticity of defendant's signature in absence of evidence to the contrary). Thus, because digital signatures are legally binding in Texas, *see* Tex. Bus. & Com. Code §§ 322.002(8), .007(d), and because Mr. Navari has not rebutted Sysco's evidence that he signed the guaranty, Sysco has demonstrated its right to judgment against Mr. Navari as a matter of law. Tex. R. Civ. P. 166a. We overrule Mr. Navari's sole issue on appeal.

5

Having identified no error by the county court at law, we affirm the judgment.

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed: February 13, 2019